FILED
SUPERIOR COURT
OF GUAM

2024 JAN 11 PM 4: 29

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0736-23** |
| vs. | **DECISION AND ORDER** |
| **ALFRED ACE RUBEN aka Red Martin,** | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on January 9, 2024, for hearing on Defendant **ALFRED ACE RUBEN aka Red Martin's** ("Defendant") Motion to Dismiss Indictment ("Motion to Dismiss"). Present were Defendant with counsel, Isa Baza, and Assistant Attorney General Sean Brown on behalf of the People of Guam ("the Government"). Pursuant to its ruling from the bench on January 9, 2024, the Court now issues this Decision and Order denying Defendant's Motion to Dismiss.

### BACKGROUND

On November 20, 2023, Defendant was indicted with two counts of Criminal Mischief (As a Third Degree Felony) with an attached Notice: Commission of a Felony While on Felony Release. (Indictment, Nov. 20, 2023). These charges stem from allegations that Defendant damaged rental car vehicles at an apartment complex in Mongmong Toto Maite. (Decl. of Renaida Z. San Nicolas, Magistrate's Compl., Nov. 15, 2023). At the time of the alleged offenses, Defendant was on pre-trial release in Criminal Case No. CF0535-23. *Id.*

On November 30, 2023, Defendant asserted his right to a speedy trial.

On January 3, 2024, Defendant filed the instant Motion to Dismiss. On January 8, 2024, the Government filed its Opposition. On January 9, 2024, the Court heard brief arguments on the Motion to Dismiss and subsequently denied the Motion from the bench.

## DISCUSSION

Defendant moves the Court to dismiss the Indictment against him because of prosecutorial defects in the grand jury proceeding. *See generally*, Mot. Dismiss, Jan. 3, 2024. Defendant alleges that his Fifth and Sixth Amendment rights were violated because the "prosecuting attorney's rapid and disorganized presentation of the facts made the record nearly indiscernible"; hearsay testimony was utilized; and Defendant's arrest record or "rap sheet" was referenced by the prosecutor. *Id.* The Government opposes, arguing that none of Defendant's arguments are meritorious. *See generally*, Opp'n, Jan. 8, 2024.

"Guam provides a statutory, not constitutional, right to a grand jury indictment." *People v. Felder*, 2012 Guam 8 ¶ 24 (citations omitted). The constitutional right to a grand jury indictment has not been extended to Guam. *See id.* at ¶¶ 24, 30; *see also San Nicolas*, 2013 Guam 21 ¶ 24 ("the right to a grand jury determination of probable cause is statutory"); *People v. Muritok*, 2003 Guam 21 ¶ 48 ("the Fourteenth Amendment has not been construed to include the Fifth Amendment right to presentment or indictment of a grand jury. . . . the Grand Jury Clause of the Fifth Amendment does not apply to states") (citations omitted).

Under Guam law, "[a]ny felony together with any related misdemeanor shall be prosecuted by indictment..." 8 G.C.A. § 1.15. "A grand jury's chief duty is to determine whether the prosecution has established a prima facie case that a crime has been committed and that the accused committed it. Further, a grand jury serves a gatekeeping function by considering the sufficiency of the evidence to support an indictment." *People v. San Nicolas*, 2013 Guam 21 ¶ 11 (internal citations and quotation marks omitted). "The indictment serves two essential purposes: it affirms that the grand jury found probable cause for the charges in the indictment, and it gives the defendant notice of the charges." *Id.* at ¶ 12. "The key to ensuring that the grand jury system works as it should is to ensure that the grand jury has indicted based on a finding of probable cause for the 'offense charged.'" *Id.* at ¶ 21 (citation omitted).

In this case, the grand jury returned an Indictment against Defendant, finding probable cause for the following:

### Count One

On or about November 11, 2023, in Guam, **ALFRED ACE RUBEN** (Martin, Red) did commit the offense of **Criminal Mischief (As a 3rd Degree Felony),** in that he did intentionally damage the motor vehicle of another, to wit: a Toyota Corolla, owned by *Patriot Car Rental,* in violation of 9 GCA §§ 34.50(d) and 34.60(a), as amended.

### Count Two

On or about November 12, 2023, in Guam, **ALFRED ACE RUBEN** (Martin, Red) did commit the offense of **Criminal Mischief (As a 3rd Degree Felony),** in that he did intentionally damage the motor vehicle of another, to wit: a 2020 Mitsubishi Mirage owned by *Patriot Car Rental,* in violation of 9 GCA §§ 34.50(d) and 34.60(a), as amended.

### *Notice: Commission of a Felony While on Felony Release*

In the commission of the above offenses, the Defendant, **ALFRED ACE RUBEN** (Martin, Red) committed the above felony offense while he was on release pursuant to Chapter 40, Title 8, Guam Code Annotated, on a pending felony charge, to wit: **Criminal Mischief (As a 3rd Degree Felony) 2 Counts** and **Unauthorized Use of a Motor Vehicle (As a Misdemeanor)** filed under Superior Court Criminal Case No. **CF0535-23,** within the meaning of 9 GCA § 80.37.1.

Indictment, Nov. 20, 2023.

Defendant first argues that the Indictment should be dismissed because "[t]here was no effort to obtain evidence directly from the individuals who made the statements [set forth in the police reports], and many of these statements were multiple levels of hearsay, even under the best of circumstances." (Mot. Dismiss at 3). The Government does "not dispute that reading the police report at the grand jury proceedings generally constitutes hearsay" but "disagree[s] that hearsay is a basis that warrants the indictment to be dismissed in light of Guam law. (Opp'n at 4).

Under Guam law,

The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment

void where sufficient competent evidence to support the indictment was received by the grand jury.

8 G.C.A. § 50.42. After receiving competent evidence, "[t]he grand jury *shall* find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 G.C.A. § 50.54(b) (emphasis in original). The phrase "competent evidence" is not further defined in Title 8.

"The Supreme Court of the United States has held that there is no constitutional prohibition against presenting hearsay to a grand jury or against hearsay forming the basis for an indictment." *People v. Quidachay,* 815 F.2d 1311, 1312 (9th Cir. 1987) (citing *Costello v. United States,* 350 U.S. 359, 363 (1956)). In *Quidachay,* the Ninth Circuit interpreted "competent evidence" as "evidence that a reasonable person would rely upon in conducting his or her daily affairs . . . regardless of whether it would be admissible at trial under the rules of evidence." *Id.* at 1313. The court, in comparing the amended version of section 50.42 to its prior version, found that "the Guam Legislature, by amending the requirement that the evidence presented to a grand jury must be 'evidence which would be admissible . . . at trial' to a requirement that it be 'competent evidence,' desired to eliminate the technical requirements of the rules of evidence but preserve some requirement of reliability." *Id.*

The Court declines to deviate from *Quidachay,* finding that the amendment of Guam's grand jury statute makes clear that the legislative intent was to lessen restrictions on evidence presented for the grand jury. The Court finds that the officer's testimony before the grand jury regarding the police reports, even if hearsay, does not fall below the standard of "competent evidence" as set forth in *Quidachay.*

Defendant next argues that the prosecutor prejudiced the grand jury because he "unnecessarily mention[ed] that Ruben had three pages of rap sheets." (Mot. Dismiss at 6-7). Defendant "contends that the sloppiness of these proceedings, whether due to deliberate or careless actions by the prosecutor, significantly compromised his Constitutional rights." *Id.* at 7. The Government opposes, arguing that "[w]hile the Prosecutor may have skimmed through the portions of the police report, . . . this is merely an effort to identify where the case report actually

begins"; the "prosecutor does not stop to read anything on Defendant's rap sheet"; it was less than a minute; and it "is not prejudicial because Defendant was charged with a Notice of Felony on Felony Release, which implicates that a rap sheet exists." (Opp'n at 4-5).

"It is well recognized that the remedy of dismissal of an indictment on grounds of prosecutorial misconduct is an extraordinary one." *United States v. Soberon,* 929 F.2d 935, 939 (3d Cir. 1991) (citing *Bank of Nova Scotia v. United States,* 487 U.S. 250, 255 (1988)). An indictment may only be dismissed based on prosecutorial misconduct if it is "shown that [such] conduct significantly infringed on the ability of the grand jury to exercise independent judgment." *United States v. Cederquist,* 641 F.2d 1347, 1353 (9th Cir. 1981) (citations omitted).

Upon review of the grand jury proceeding, the Court does not find that the brief reference to the rap sheet "significantly infringed on the ability of the grand jury to exercise independent judgment." The Court agrees with the Government that such mention was "merely an effort to locate where the case report began" and as Defendant was charged with a Notice: Commission of a Felony on Felony Release, it was implied that Defendant has at least one prior arrest and the existence of a rap sheet.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss Indictment. As Defendant remains in an asserted status, Jury Selection and Trial shall commence on **January 12, 2024** at **1:30 p.m.** Parties shall return for a Pre-Trial Conference on **January 11, 2024 at 1:30 p.m.**

**IT IS SO ORDERED** this ⎽JANUARY 11, 2024⎽, *nunc pro tunc* to January 9, 2024.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam